**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>JOSE HERNANDEZ-PEREZ, AKA Juan<br>Carlos Barales,<br><br>    Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>    Respondent.</td><td>No. 19-71716<br><br>Agency No. A205-717-223<br><br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2022[**]
San Francisco, California

Before: S.R. THOMAS, BEA, and H. THOMAS, Circuit Judges.

Jose Hernandez-Perez, a native and citizen of Guatemala petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, asylum,[1] withholding of removal, and relief under the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted."  *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (quoting *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012)).  We review constitutional claims and questions regarding our own jurisdiction de novo.  *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1245 (9th Cir. 2008).  We review for substantial evidence the agency's denial of withholding of removal and CAT relief, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019), meaning we must accept the agency's findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

We dismiss in part and deny in part the petition for review.

I

We lack jurisdiction over Hernandez-Perez's sole challenge to the agency's denial of cancellation of removal—that the IJ violated his procedural due process

---

[1] The IJ determined that Hernandez-Perez's asylum claim was barred by the one-year filing deadline, and Hernandez-Perez did not appeal that determination to the BIA.

rights by failing to solicit enough facts about the hardship his removal would cause one of his U.S. citizen sons. We retain jurisdiction over due process challenges to the agency's discretionary hardship determinations, but only when those challenges are "colorable." *Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Hernandez-Perez's claim does not satisfy that standard. The IJ expressly acknowledged the evidence tendered by Hernandez-Perez in the hardship analysis; the existing record already includes the "additional" facts that he faults the IJ for not developing; and his counsel unequivocally declined the IJ's invitation to solicit more witness testimony regarding hardship. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, the alleged violation need not be substantial, but it must have some possible validity." (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001))). Accordingly, we dismiss this portion of the petition for review for lack of jurisdiction.

## II

The BIA did not err in concluding that Hernandez-Perez has not proven his eligibility for withholding of removal. He does not allege past persecution in Guatemala; his proposed particular social group is not cognizable; and he has not articulated any other protected ground on which future persecution might be based.

3

*See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (rejecting as "too broad" a social group of "returning Mexicans from the United States"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). His claim that the BIA erred by misconstruing his proposed social group is not persuasive, given that his appeal to the BIA made clear that the future persecution he fears would arise from his recent migrant status, not his family identity. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020) (recognizing "it is an applicant's burden to specifically delineate her proposed social group" before the agency (quoting *Matter of W-Y-C- & H-O-B-*, 271 I. &. N. Dec. 189, 191 (BIA 2018))).

Moreover, substantial evidence supports the BIA's conclusion that Hernandez-Perez has not shown that he is "more likely than not" to be persecuted. *Cf. Rusak v. Holder*, 734 F.3d 894, 896 (9th Cir. 2013) (requiring "credible, direct, and specific evidence in the record of facts that would support" a sufficient likelihood of future persecution (quoting *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999))).

## III

Substantial evidence supports the agency's determination that Hernandez-Perez is not eligible for CAT relief because he has not shown that he is more likely than not to be tortured if returned to Guatemala. *See Delgado-Ortiz*, 600 F.3d at 1152 (holding "generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard"). Insofar as Hernandez-Perez also argues that the agency committed legal error by failing to consider relevant documentary evidence, he has not overcome our "presum[ption] that the BIA thoroughly considers all relevant evidence in the record." *Syonzi v. Whitaker*, 915 F.3d 1228, 1238 (9th Cir. 2019).

**PETITION DISMISSED in part; DENIED in part.**